UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA KAISER | CIVIL ACTION |
| VERSUS | NUMBER 09-170-JJB-DLD |
| RANDY PARKER, ET AL. | |

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's motion to remand (rec. doc. 8). The motion is opposed by defendants (rec. docs. 11 and 12). This matter was removed on the basis of diversity jurisdiction. See 28 U.S.C. §1332. The issue before the court is whether defendants have met their burden of proving that the amount in controversy at issue in this matter exceeds $75,000.

**Background**

On or about January 24, 2009, plaintiff Samantha Kaiser and defendant Randy Parker were involved in an accident on Louisiana Highway 16 in Livingston Parish. On February 13, 2009, plaintiff brought suit in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, against defendant Randy Parker, GEICO General Insurance Company (Parker's liability insurer), and Unitrin Auto and Home Insurance Company (Kaiser's underinsured/uninsured motorist insurer) for damages sustained in the accident (rec. docs. 1 and 9). Plaintiff alleges that the accident occurred when defendant Parker attempted to exit a gas station from the wrong direction and entered plaintiff's lane on Highway 16. Plaintiff further alleges that the accident was caused by defendant Parker's negligence, including driving while under the influence and/or impaired. Plaintiff seeks

damages for "pain and suffering (past, present, and future), mental anguish and emotional distress, loss of enjoyment of life, disability, medical expenses (past, present, and future), lost wages (past, present, and future), and impairment of earning capacity" (rec. doc. 1-4). Plaintiff also seeks punitive damages allowed under Louisiana law as a result of defendant Parker's reckless driving while intoxicated and attempt to avoid responsibility by fleeing the accident scene.  Id.

Defendants removed this matter on March 26, 2009, shortly after suit was filed. Defendants argue that plaintiff's demand for damages as itemized in the petition and request for punitive damages satisfies the amount in controversy.  Plaintiff filed a motion to remand on June 19, 2009, arguing that the amount in controversy is not satisfied and offering a post-removal "stipulation"[1] stating that the "cause of action in the above referenced and entitled matter has a value of less than $75,000" (rec. doc. 8-2, exhibit A). In response to the motion to remand, defendants argue that the post-removal stipulation should not be considered because it is facially apparent from the damages alleged in plaintiff's petition and by plaintiff's failure to affirmatively state that the claim is less than $75,000 as required by La. Code Civ. P. Art. 893 that the amount in controversy is satisfied (rec. doc. 11).

### *Governing Law and Discussion*

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. &*

---

[1] Plaintiff's post-removal "stipulation" is actually a signed statement by plaintiff's counsel representing that plaintiff "agrees and stipulates that the cause of action in the above referenced and entitled matter has a value of less than $75,000" (rec. doc. 8-2, Exhibit A).  The "stipulation" was not signed by plaintiff and was not agreed to by defendants' counsel.

*Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).   Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008).  The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy.  Diversity of citizenship is not at issue in this motion.[2]  The only issue before the court is whether the amount in controversy is satisfied.

When a case is removed on the basis of diversity jurisdiction, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory seventy-five thousand ($75,000) dollar jurisdictional amount at the time of removal. *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d 848, 850 (5th Cir. 1999).  A showing only that the damages " could well exceed" the jurisdictional amount or that there is " some possibility"  that the plaintiff "could recover more" than the jurisdictional amount is insufficient to carry the removing defendant's burden. *Allen v. R and H Oil & Gas Co.*, 63 F. 3d 1326,1336; *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1411-12 (5th Cir. 1995)(*De Aguilar II*).

---

[2]  Plaintiff is a citizen of Louisiana, Parker is a citizen of Mississippi, GEICO is incorporated in Maryland and has its principal place of business in Washington, D.C., Unitrin is incorporated in New York and has its principal place of business in Florida (rec. doc. 1 and 9).

The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75, 000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *De Aguilar II*, 47 F. 3d at 1412.  If the defendant fails to demonstrate that it is more likely than not that the requisite amount was in controversy, a mere conclusory allegation in the notice of removal that the amount in controversy exceeds the jurisdictional minimum is insufficient to sustain jurisdiction. See, e.g., *Asociacion Nacional de Pescadores a Pequena Escala O Artesenales de Colombia, S. A. (" ANPAC") v. Dow Quimica de Colombia*, 988 F. 2d 559, 565-66 (5th Cir. 1993).

If the removing defendant carries this burden, then the case can be remanded only where the plaintiff proves to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000.  *E.g., Manguno v. Prudential Property and Casualty Company,* 276 F.3d 720, 724 (5th Cir. 2002).  He may establish this by identifying a statute, or by filing a binding stipulation, that so limits his recovery.  *Id.*  While a plaintiff's post-removal stipulation to a lesser amount does not deprive the court of jurisdiction once obtained, (See, e.g., *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1336 (5th Cir. 1995)) a different situation arises when a post-removal affidavit is offered to clarify a previously uncertain jurisdictional issue, such as the amount in controversy.  *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F. 2d 559 (5th Cir.1993).  In *ANPAC,* the Fifth Circuit held that a post- removal affidavit stipulating that the claim did not exceed the jurisdictional

amount may be referred to when the amount in controversy is not clear in the petition or the notice of removal.

Defendants claim that the amount in controversy is facially apparent from the "specific damages" claimed in the petition (rec. doc. 11). Although the petition does contain an itemization of claims, including pain and suffering (past, present, and future), mental anguish and emotional distress, loss of enjoyment of life, disability, medical expenses (past, present, and future), lost wages (past, present, and future), and impairment of earning capacity" and punitive damages as a result of defendant's driving while intoxicated, there is no evidence as to the nature or extent of plaintiff's claims. The petition does not indicate what type of injury plaintiff sustained as a result of the accident, what type of medical treatment was necessary to treat plaintiff's injury, what type of disability was sustained, whether plaintiff's disability is temporary or permanent, or what type of wages are lost or expected to be lost. See *Vaughn v. Todd*, 71 F.Supp.2d 570 (E.D. La. 1999). Thus, the court cannot tell from the face of the petition whether plaintiff seeks damages for a broken finger or a broken back.

Moreover, the amount in controversy is not satisfied merely because plaintiff seeks punitive damages under La. Civ. Code 2315.4. When determining the amount of punitive damages to award, courts analyze several factors, including the nature and extent of the harm to the plaintiff. *See Angeron v. Martin,* 649 So.2d 40, 44 (La. App. 1st Cir. 1994). Because plaintiff's petition does not contain any information indicating the nature and extent of the harm, the court cannot evaluate the amount of punitive damages that may be awarded in this case in order to determine whether the amount in controversy is satisfied. Additionally, defendants have failed to support their argument that plaintiff's claim for

compensatory and punitive damages exceeds $75,000 by offering examples of other cases similar to one before the court reflecting damage awards in excess of $75,000. Finding similar cases that valued the plaintiff's claim in excess of $75,000 may have been difficult for defendants because plaintiff's claims are so vague. Finally, although plaintiff's failure to include a statement in her petition that her damages are less than the amount required for federal diversity jurisdiction as required by La. Code Civ. P. art. 893(A)(1) is entitled to some consideration, it is not determinative that the amount in controversy exceeds $75,000.[3] See *Weber v. Stevenson*, 2007 WL 4441261 (M.D. La. 2007).

Thus, plaintiff's vague allegations regarding damages and failure to make an allegation in the petition that less than $75,000 is in controversy do not make it facially apparent that the amount in controversy exceeds $75,000. Defendants have not offered summary judgement-like evidence setting forth facts in controversy that would support a finding that the requisite amount was in controversy in this matter at the time of removal. Defendants thus have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. In light of this finding, the court does not need to address plaintiff's post-removal "stipulation that the claims in this matter have a value of less than $75,000.

It is the defendants' burden to prove by a preponderance of the evidence that the jurisdictional minimum exists. *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008), citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). Due to the

---

[3] La. Code Civ. P. art. 893(A)(1) provides, in pertinent part, that, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required.

uncertainty of the amount in controversy in the petition and notice of removal and defendant's failure to establish that the amount in controversy was satisfied, it is recommended that the motion to remand should be granted. Accordingly,

**IT IS RECOMMENDED** that the motion to remand (rec. doc. 8) should be **GRANTED** and this matter remanded to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

**Signed in Baton Rouge, Louisiana, on July 10, 2009.**

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SAMANTHA KAISER**                        **CIVIL ACTION**
**VERSUS**
**RANDY PARKER, ET AL.**                 **NUMBER 09-170-JJB-DLD**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on July 10, 2009.

                                       **MAGISTRATE JUDGE DOCIA L. DALBY**